# UNITED STATES COURT OF INTERNATIONAL TRADE

## BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

|  |  |  |
|---|---|---|
| GREEN GARDEN PRODUCE, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| UNITED STATES, | ) | Court No. 24-00114 |
| Defendant, | ) | |
| and | ) | |
| FRESH GARLIC PRODUCERS ASSOCIATION AND ITS INDIVIDUAL MEMBERS, | ) | |
| Defendant-Intervenors. | ) | |

## <u>DEFENDANT-INTERVENORS' SUPPLEMENTAL BRIEF ON JURISDICTION</u>

JOHN M. HERRMANN
JOSHUA R. MOREY
MATTHEW T. MARTIN
KELLEY DRYE & WARREN LLP
670 Maine Avenue, SW, Suite 600
Washington, DC 20024
(202) 342-8400

Counsel to Defendant-Intervenors

January 23, 2026

## <u>Table of Contents</u>

**Page**

Issue Presented and Summary of Argument............................................2

Argument..............................................................................6

    I.    The Court Lacks Jurisdiction to Consider Plaintiff's
        Argument..........................................................6

        A.    Commerce Reached Its Final Determination
            Based on Record Evidence in the Instant
            Circumvention Inquiry, and This Court's Role Is
            to Review the Agency's Determination Based on
            That Record....................................................6

        B.    Plaintiff May Not Collaterally Attack Commerce's
            2023 Scope Ruling..........................................8

        C.    Plaintiff's Challenge to Commerce's 2023 Scope
            Ruling Is Untimely........................................12

Conclusion ..........................................................................17

# Table of Authorities

**Page(s)**

## Cases

*AM/NS Calvert LLC v. United States,*
654 F. Supp. 3d 1324 (Ct. Int'l Trade 2023) ........................................ 8

*Arlanxeo USA LLC v. United States,*
337 F. Supp. 3d 1350 (Ct. Int'l Trade 2018) ...................................... 13

*Baroque Timber Indus. (Zhongshan) Co. v. United States,*
865 F. Supp. 2d 1300 (Ct. Int'l Trade 2012) ...................................... 13

*Bioparques de Occidente, S.A. de C.V. v. United States,*
31 F.4th 1336 (Fed. Cir. 2022) ................................................. 12-13, 16

*Full Member Subgroup of Am. Inst. of Steel Constr., LLC v.*
*United States,* 477 F. Supp. 3d 1349 (Ct. Int'l Trade 2020) ............... 13

*Georgetown Steel Corp. v. United States,*
801 F.2d 1308 (Fed. Cir. 1986) ................................................. 5, 12-13

*Hyundai Elec. & Energy Sys. Co. v. United States,*
477 F. Supp. 3d 1324 (Ct. Int'l Trade 2020) ................................. 2-3, 6

*Içdas Çelik Enerji Tersane ve Ulasim Sanayi, A.S. v. United*
*States,* 106 F. Supp. 3d 1328 (Ct. Int'l Trade 2015) .......................... 13

*Maracalin v. United States,*
63 F. App'x 494 (Fed. Cir. 2003) (per curiam), *cert. denied,*
540 U.S. 868 (2003) ................................................................... 9

*Medline Indus., Inc. v. United States,*
911 F. Supp. 2d 1358 (Ct. Int'l Trade 2013) ................................. 12-13

*Oman Fasteners, LLC v. United States,*
Slip Op. 19-108, 2019 WL 3763952
(Ct. Int'l Trade Aug. 8, 2019) ................................................... 15

*Qingdao Maycarrier Imp. & Exp. Co. v. United States*,
    938 F. Supp. 2d 1312 (Ct. Int'l Trade 2013) .......................................... 6

*U.S. Steel Corp. v. United States*,
    319 F. Supp. 3d 1295 (Ct. Int'l Trade 2018) ..................................... 4, 9

*Unicatch Indus. Co. v. United States*,
    422 F. Supp. 3d 1355 (Ct. Int'l Trade 2019) ...................................... 16

*United States v. Utah Constr. & Mining Co.*,
    384 U.S. 394 (1966) .............................................................................8-9

*Wash. Int'l Ins. Co. v. United States*,
    18 CIT 654 (1994) ..................................................................... 4, 9, 11

*Wheatland Tube Co. v. United States*,
    161 F.3d 1365 (Fed. Cir. 1998) ........................................................ 15

*Zhaoqing Tifo New Fibre Co. v. United States*,
    256 F. Supp. 3d 1314 (Ct. Int'l Trade 2017) ................................ 12-13

## Statutes and Regulations

19 U.S.C. § 1516a(a)(2)(A)(ii) ........................................................... 14, 16

19 U.S.C. § 1516a(a)(2)(B)(vi) .................................................. 2, 6, 14, 16

19 U.S.C. § 1516a(b)(2)(A) ............................................................... 2-3, 6

28 U.S.C. § 1581(c) ............................................................................. 2, 6

28 U.S.C. § 2636(c) ............................................................................... 16

28 U.S.C. § 2637(d) ............................................................................... 16

28 U.S.C. § 2640(b) .............................................................................. 2, 6

19 C.F.R. § 351.225(k)(1)(i) .............................................................. 10-11

## Administrative Determinations

*Antidumping Duty Order: Fresh Garlic From the People's Republic of China*, 59 Fed. Reg. 59,209 (Dep't Commerce Nov. 16, 1994) ("Order") ................................ *passim*

*Antidumping Duty Order on Fresh Garlic from the People's Republic of China: Preliminary Scope Ruling on Green Garden Produce's Large and Small Garlic Chunks* (Dep't Commerce Feb. 22, 2023) ............................................. 4-5, 7, 11

*Antidumping Duty Order on Fresh Garlic from the People's Republic of China: Final Scope Ruling on Green Garden Produce's Large and Small Garlic Chunks* (Dep't Commerce June 1, 2023) ...................................................... 4, 11

*Fresh Garlic from the People's Republic of China: Preliminary Affirmative Determination of Circumvention for Small and Large Garlic Chunks* (Dep't Commerce Nov. 6, 2023) ........................................................ 4

*Issues and Decision Memorandum for the Final Affirmative Circumvention Determination of the Antidumping Duty Order on Fresh Garlic from the People's Republic of China* (Dep't Commere June 7, 2024) .................................................... 3-4, 7

## Miscellaneous

18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure §§ 4433, 4475 (3d ed. 2025) ................................................................................ 9-10

## Glossary

| Abbreviation or Acronym | Item |
|---|---|
| Commerce | U.S. Department of Commerce |
| Def.'s Resp. | Defendant's Response in Opposition to Plaintiff's Rule 56.2 Motion for Judgment on the Agency Record (ECF No. 30) |
| Def.-Intvs.' Resp. | Defendant-Intervenors' Brief in Opposition to Plaintiff's Motion for Judgment on the Agency Record Pursuant to Rule 56.2 (ECF No. 32) |
| Defendant-Intervenors or Petitioners | Fresh Garlic Producers Association and its individual members, Christopher Ranch L.L.C., The Garlic Company, and Valley Garlic, Inc. |
| Fenjun | Fenjun Foodstuff Co., Ltd. |
| Hengxin | Qingdao Deesheng Hengxin Food Co., Ltd. |
| IQF | Individually quick frozen |
| the Order | *Antidumping Duty Order: Fresh Garlic From the People's Republic of China*, 59 Fed. Reg. 59,209 (Dep't Commerce Nov. 16, 1994) |
| Plaintiff or Green Garden | Green Garden Produce, LLC |
| Pl.'s Br. | Plaintiff's Motion for Judgment on the Agency Record Pursuant to Rule 56.2 (ECF No. 24) |

| Abbreviation or Acronym | Item |
|---|---|
| Pl.'s Reply | Plaintiff's Reply Brief In Support of Plaintiff's Rule 56.2 Motion for Judgment Upon the Agency Record (ECF No. 35) |
| Suppl. Briefing Order | Order (Sept. 18, 2025) (ECF No. 36) |

This brief is filed on behalf of the Fresh Garlic Producers Association and its individual members, Christopher Ranch L.L.C., The Garlic Company, and Valley Garlic, Inc. (collectively, "Defendant-Intervenors"), in response to this Court's Order dated September 18, 2025 (ECF No. 36) ("Suppl. Briefing Order"). In that Order, this Court instructed parties to address whether the Court has jurisdiction to consider Plaintiff Green Garden Produce, LLC's

> argument that its garlic imports are expressly excluded from the scope of the relevant antidumping duty order when (1) the Department of Commerce declined to rule upon that argument in a scope proceeding and (2) Plaintiff did not timely bring an action in this court challenging the 2023 scope ruling resulting from the proceeding in which the agency so declined.

Suppl. Briefing Order at 1. Specifically, Plaintiff argues that *its* garlic imports are expressly excluded from the scope of the Order, and therefore, Commerce's final affirmative circumvention determination in its country-wide circumvention inquiry is unlawful. *See* Pl.'s Mot. for J. on the Agency R. Pursuant to Rule 56.2 at 15-20 (ECF No. 24) ("Pl.'s Br."); Pl.'s Reply Br. In Supp. of Pl.'s Rule 56.2 Mot. for J. Upon the Agency R. at 2-11 (ECF No. 35) ("Pl.'s Reply").

For the reasons explained below, the Court lacks jurisdiction to consider Plaintiff's above-referenced argument. If the Court disagrees and finds that it does have jurisdiction to consider Plaintiff's argument, it should still reject Plaintiff's argument on the merits for the reasons explained in Defendant's Response in Opposition to Plaintiff's Rule 56.2 Motion for Judgment on the Agency Record (ECF No. 30) ("Def.'s Resp.") and Defendant-Intervenors' Brief in Opposition to Plaintiff's Motion for Judgment on the Agency Record Pursuant to Rule 56.2 (ECF No. 32) ("Def.-Intvs.' Resp.").

## Issue Presented and Summary of Argument

1. **Whether the Court has jurisdiction to consider Plaintiff's argument that its garlic imports are expressly excluded from the scope of the Order when (1) Commerce declined to rule on that argument in a scope proceeding and (2) Plaintiff did not timely bring an action in this court challenging Commerce's 2023 scope ruling resulting from the proceeding in which the agency so declined.**

This Court lacks jurisdiction to consider Plaintiff's above-referenced argument for three reasons.

*First*, the scope of the Court's review of Commerce's final affirmative circumvention determination is limited to the underlying agency record. *See* 28 U.S.C. §§ 1581(c), 2640(b); 19 U.S.C. § 1516a(a)(2)(B)(vi),

1516a(b)(2)(A); *Hyundai Elec. & Energy Sys. Co. v. United States*, 477 F. Supp. 3d 1324, 1329 (Ct. Int'l Trade 2020) ("The court's review of the *Final Results* is limited to the record upon which Commerce's determination is based."). As Commerce correctly explained, the questionnaire responses and information *from the mandatory respondents* in the circumvention inquiry, Fenjun Foodstuff Co., Ltd. ("Fenjun") and Qingdao Deesheng Hengxin Food Co., Ltd. ("Hengxin"), contained no information about the purpose or function of citric acid as used in connection with *the companies'* large and small garlic chunks. *See* Appx1026-1028, Appx1031; Def.'s Resp. at 22-30, 34-36. While Plaintiff repeatedly attempts to misdirect and refer to *its* large and small garlic chunks and use of citric acid, the proper focal point of this Court's review is Commerce's reasoning and record evidence relied on in determining that *the inquiry merchandise* and information *from the mandatory respondents* demonstrates circumvention of the Order. Accordingly, Plaintiff relies on information and arguments raised in the separate scope proceeding that preceded the instant circumvention inquiry at issue before this Court. Such arguments and information are not controlling over the case or controversy in the instant action.

*Second*, the Court should decline to consider Plaintiff's argument on claim preclusion grounds. Claim preclusion bars jurisdiction over a claim "when there is '(1) an identity of parties or their privies, (2) a final judgment on the merits of the first suit, and (3) the later claim {is} to be based on the same set of transactional facts as the first claim such that the later claim should have been litigated in the prior case.'" *U.S. Steel Corp. v. United States*, 319 F. Supp. 3d 1295, 1301 (Ct. Int'l Trade 2018) (alteration in original) (quoting *Bowers Inv. Co. v. United States*, 695 F.3d 1380, 1384 (Fed. Cir. 2012)). Claim preclusion "may foreclose litigation on issues that were never resolved." *Wash. Int'l Ins. Co. v. United States*, 18 CIT 654, 657 (1994). Here, Plaintiff's argument is an improper collateral attack on Commerce's 2023 scope ruling in which the agency determined that Green Garden's garlic chunks are not covered by the plain language of the Order's scope and declined to rule on Green Garden's alternative theory that the merchandise was "expressly excluded." Appx1010, Appx1024-1032. Commerce's scope inquiry and circumvention inquiry are separate administrative proceedings. Green Garden participated in both and continues to argue, based on the same facts as in the concluded scope inquiry, that *its* garlic

chunks should be found to be "expressly excluded" from the scope. In the scope proceeding, however, Commerce declined to rule on that argument. Appx1316-1321. While Green Garden could have challenged the final scope ruling, it failed to do so. Accordingly, Plaintiff's restated argument, based on the same facts as presented during the scope proceeding, is now barred. Plaintiff may not use this action as a back door to challenge the final scope ruling.

*Third*, Plaintiff's argument directed at Commerce's 2023 scope ruling is untimely. Failure to commence an action challenging Commerce's determination in an antidumping proceeding in a timely manner forecloses later jurisdiction over the claim pertaining to the unchallenged determination. *See, e.g.*, *Georgetown Steel Corp. v. United States*, 801 F.2d 1308, 1313 (Fed. Cir. 1986). Plaintiff could, and should, have sought judicial review of Commerce's final scope ruling within the time allowed to do so, but it never availed itself of that opportunity. Plaintiff's right to contest aspects of Commerce's final scope ruling with which it disagrees, therefore, has been extinguished.

## Argument

## I.    The Court Lacks Jurisdiction to Consider Plaintiff's Argument

### A.    Commerce Reached Its Final Determination Based on Record Evidence in the Instant Circumvention Inquiry, and This Court's Role Is to Review the Agency's Determination Based on That Record

The scope of this Court's review of Commerce's final affirmative circumvention determination is limited to the underlying agency record. *See* 28 U.S.C. §§ 1581(c), 2640(b); 19 U.S.C. § 1516a(a)(2)(B)(vi), 1516a(b)(2)(A); *Hyundai*, 477 F. Supp. 3d at 1329 ("The court's review of the *Final Results* is limited to the record upon which Commerce's determination is based."). Indeed, in a prior case involving this same antidumping duty order, the Court determined it lacked jurisdiction over an argument that pertained to a separate proceeding. *See Qingdao Maycarrier Imp. & Exp. Co. v. United States*, 938 F. Supp. 2d 1312, 1315 (Ct. Int'l Trade 2013). This Court should reach the same conclusion with respect to Plaintiff's argument in this action.

As Commerce correctly explained, the questionnaire responses and information *from the respondents* in the underlying circumvention inquiry, Fenjun Foodstuff Co., Ltd. ("Fenjun") and Deesheng Hengxin

Food Co., Ltd. ("Hengxin"), contained no information about the purpose or function of citric acid as used in connection with *those entities'* large and small garlic chunks. *See* Appx1026-1028, Appx1031; Def.'s Resp. at 24-26. Plaintiff's argument that *its* large and small garlic chunks are "expressly excluded from the scope" because they are "preserved by the addition of other ingredients" (*i.e.*, citric acid) improperly seeks a finding and determination that Commerce declined to reach when analyzing *Green Garden's* merchandise in a prior company-specific scope inquiry. *See* Appx1319-1321. As explained further below, Green Garden's argument essentially asks for a company-specific determination with regards to *its* merchandise based on the same set of facts and arguments Green Garden offered in the separate scope inquiry, which Green Garden did not challenge. However, because Commerce thoroughly explained that "the question of whether the merchandise subject to the circumvention inquiry was 'preserved' by citric acid is not supported by the record" of the circumvention inquiry (Appx1031), Plaintiff's argument directed at the 2023 scope ruling is "no longer 'live'" for the reasons explained further below and, thus, Plaintiff's argument fails to establish an Article III case or controversy

sufficient to confer Constitutional subject-matter jurisdiction. *See AM/NS Calvert LLC v. United States*, 654 F. Supp. 3d 1324, 1336-37 (Ct. Int'l Trade 2023). In other words, Plaintiff improperly urges this Court to review a stale argument aimed at the prior, unchallenged scope ruling, which does not establish a live case or controversy grounded in the record of the instant circumvention inquiry in which entities other than Green Garden were individually examined.

Thus, this Court's review is properly limited to the record on which Commerce's circumvention determination is based – a record that is distinct from the nature and record of the 2023 scope proceeding. By failing to ground its argument in the record of the instant agency proceeding, and by improperly attacking a separate agency determination from another proceeding, Plaintiff has not established either statutory or Constitutional subject-matter jurisdiction over its argument at issue.

### B. <u>Plaintiff May Not Collaterally Attack Commerce's 2023 Scope Ruling</u>

When an administrative agency acts

> in a judicial capacity and resolved disputed issues
> of fact properly before it which the parties have

> had an adequate opportunity to litigate, the
> courts have not hesitated to apply res judicata to
> enforce repose.

*United States v. Utah Constr. & Mining Co.*, 384 U.S. 394, 442 (1966);

*see also Maracalin v. United States*, 63 F. App'x 494, 496 (Fed. Cir.

2003) (per curiam) (affirming the lower court's *sua sponte* application of

claim preclusion), *cert. denied*, 540 U.S. 868 (2003). Claim preclusion

applies "when there is '(1) an identity of parties or their privies, (2) a

final judgment on the merits of the first suit, and (3) the later claim {is}

to be based on the same set of transactional facts as the first claim such

that the later claim should have been litigated in the prior case.'" *U.S.*

*Steel Corp.*, 319 F. Supp. 3d at 1301 (alteration in original) (quoting

*Bowers*, 695 F.3d at 1384). Further, claim preclusion "may foreclose

litigation on issues that were never resolved." *Wash. Int'l Ins. Co.*, 18

CIT at 657; *see also U.S. Steel Corp.*, 319 F. Supp. 3d at 1300 (noting

the court may determine that it lacks jurisdiction "if the claim is barred

by the doctrine of claim preclusion") (citing *Bowers*, 695 F.3d at 1384).

A party's failure to pursue judicial review may also factor into the

court's claim preclusion analysis:

the opportunity for judicial review may prove important in determining the availability of preclusion. If review is sought but denied as to a particular issue, preclusion may well be denied. Failure to seek an available opportunity for review, on the other hand, does not defeat preclusion; preclusion indeed may be extended to low-level administrative decisions for reasons akin to the policies that require exhaustion of administrative remedies before seeking judicial review. So too, failure to choose the proper path in seeking judicial review may establish the binding effect of an administrative ruling that a party had vainly sought to test by review.

18B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4475 (3d ed. 2025) (footnotes omitted); *see also id.* § 4433 ("{P}reclusion cannot be defeated by electing to forego an available opportunity to appeal.").

Here, the conditions for this Court to decline to consider Plaintiff's argument pursuant to the doctrine of claim preclusion are satisfied. *First*, Green Garden participated in both the 2023 scope proceeding and the subsequent circumvention inquiry at issue in this action. *Second*, Commerce issued a final determination on the merits during the 2023 scope proceeding pertaining to Green Garden's large and small individually quick frozen ("IQF") garlic chunks from China. Specifically,

-10-

Commerce determined, pursuant to 19 C.F.R. § 351.225(k)(1)(i), that Green Garden's large and small IQF garlic chunks were outside the Order's scope based on the scope's plain language. Appx1319-1321, Appx1345-1351. While Commerce declined to reach a determination on Green Garden's argument that its merchandise was expressly excluded from the scope, claim preclusion "may foreclose litigation on issues that were never resolved." *Wash. Int'l Ins. Co.*, 18 CIT at 657. *Third*, Green Garden's argument raised during the underlying circumvention inquiry, and now again before this Court, is based on the same facts as those underpinning its same argument in the scope proceeding. Indeed, Green Garden submitted various information from the record of the scope inquiry onto the record of the circumvention inquiry and explicitly sought to "restate {its} arguments made in the scope inquiry proceeding: Green Garden's large and small garlic chunks are expressly excluded from the antidumping duty order because they are prepared or preserved by the addition of citric acid." Appx1045-1048, Appx1051. As Defendant correctly noted, Green Garden did not even argue that the information it submitted applied to *the respondents'* (*i.e.*, Fenjun's and

Hengxin's) merchandise. *See* Def.'s Resp. at 28-29; Def.-Intvs.' Resp. at 17.

In sum, Green Garden should have sought judicial review of the question whether *its* merchandise was expressly excluded from the scope by challenging the 2023 scope ruling. Green Garden, however, failed to do so. The proper path in seeking judicial review of its argument was not through this challenge to Commerce's circumvention inquiry, which is a different proceeding with a different record pertaining to the inquiry merchandise and the responses and information provided by different entities: respondents Fenjun and Hengxin. Thus, the Court should decline to consider Plaintiff's argument on claim preclusion grounds.

## C.    <u>Plaintiff's Challenge to Commerce's 2023 Scope Ruling Is Untimely</u>

A party's failure to commence a timely action in the United States Court of International Trade challenging Commerce's determination in an antidumping proceeding forecloses later jurisdiction over the claim pertaining to the unchallenged determination. *See Georgetown Steel*, 801 F.2d at 1313; *Bioparques de Occidente, S.A. de C.V. v. United*

*States*, 31 F.4th 1336, 1346-47 (Fed. Cir. 2022); *Zhaoqing Tifo New*

*Fibre Co. v. United States*, 256 F. Supp. 3d 1314, 1328 (Ct. Int'l Trade

2017); *Medline Indus., Inc. v. United States*, 911 F. Supp. 2d 1358, 1361

(Ct. Int'l Trade 2013) ("An action challenging a final scope ruling by

Commerce must be filed '{w}ithin thirty days after ... the date of

mailing' of that scope ruling. If a party does not satisfy the terms of

section 1516a(a)(2)(A)(ii), this Court lacks jurisdiction over that party's

claim.") (quoting 19 U.S.C. § 1516a(a)(2)(A)(ii)) (citing *Georgetown Steel*,

801 F.2d at 1312).[1]

---

[1]    Defendant-Intervenors acknowledge that decisions of the court are mixed as to whether *Georgetown Steel* remains controlling. *See Full Member Subgroup of Am. Inst. of Steel Constr., LLC v. United States*, 477 F. Supp. 3d 1349, 1356 (Ct. Int'l Trade 2020); *Arlanxeo USA LLC v. United States*, 337 F. Supp. 3d 1350, 1355 (Ct. Int'l Trade 2018); *Içdas Çelik Enerji Tersane ve Ulasim Sanayi, A.S. v. United States*, 106 F. Supp. 3d 1328, 1336 (Ct. Int'l Trade 2015). The United States Court of Appeals for the Federal Circuit, however, does not appear to have reversed or otherwise held that *Georgetown Steel* is no longer binding precedent. *See Baroque Timber Indus. (Zhongshan) Co. v. United States*, 865 F. Supp. 2d 1300, 1308 (Ct. Int'l Trade 2012). In fact, the appeals court recently reaffirmed that the statutory time limits for challenging Commerce's determinations "are generally jurisdiction-limiting," indicating that *Georgetown Steel* remains binding. *Bioparques*, 31 F.4th at 1346.

Plaintiff's argument that Commerce could not lawfully find that *its* large and small garlic chunks circumvented the Order because, according to Plaintiff, they are "expressly excluded" from the scope is fundamentally an argument directed at Commerce's 2023 scope ruling rather than the subsequent circumvention determination at issue in this action. *See* Def.'s Resp. at 22-30; Def.-Intvs.' Resp. at 13-17. Commerce's 2023 scope ruling was appealable within 30 days after the date of Commerce's mailing of its scope determination to Green Garden and the other interested parties in that proceeding. *See* 19 U.S.C. § 1516a(a)(2)(A)(ii), 1516a(a)(2)(B)(vi). Green Garden did not avail itself of the opportunity to challenge the scope ruling. Therefore, it cannot do so now in this action contesting Commerce's circumvention determination involving the inquiry merchandise and responses and information submitted by respondents Fenjun and Hengxin.

Indeed, accepting for the sake of argument Plaintiff's logic that "a finding of an express exclusion would have completely precluded a circumvention inquiry" (Pl.'s Reply at 8), Plaintiff could and should have challenged Commerce's scope ruling in an effort to preserve its argument that *Green Garden's* merchandise was expressly excluded

-14-

from the scope of the Order. Green Garden would have had Article III

standing to challenge Commerce's 2023 final scope ruling, despite the

agency's determination that Green Garden's merchandise was not

subject to the scope of the Order, because Green Garden was on notice

that the "express exclusion" determination was highly relevant to

Commerce's decision to initiate a circumvention inquiry. *See Wheatland*

*Tube Co. v. United States*, 161 F.3d 1365, 1371 (Fed. Cir. 1998).[2] Indeed,

Green Garden was on notice of the relevance of the issue even before

Commerce issued its final scope ruling on June 1, 2023, and before its

initiation of the circumvention inquiry on June 1, 2023, when

Commerce announced that it would defer determining whether to

---

[2]     The court has held that "the absence of a positive dumping margin is not a bar to standing in an antidumping case." *Oman Fasteners, LLC v. United States*, Slip Op. 19-108 at 10-11, 2019 WL 3763952, at *5 (Ct. Int'l Trade Aug. 8, 2019). By that reasoning, even though Green Garden received an ostensibly partially favorable ruling by Commerce finding its merchandise outside the plain language of the scope of the Order and thus not subject to the Order (which, for the sake of argument, could be construed as depriving it of injury in fact), Green Garden was also, again, for the sake of argument, adversely affected by the final scope ruling because Commerce declined to find its merchandise to be expressly excluded from the scope. Thus, Green Garden would have had standing to challenge the 2023 final scope ruling.

-15-

initiate the circumvention inquiry requested by Petitioners pending the

resolution of the then on-going scope inquiry proceeding on March 17,

2023. *See* Appx1047-1051, Appx2224. While Plaintiff's failure to

preserve its argument by challenging the final scope ruling is akin to

failing to exhaust its administrative remedies, the exhaustion

requirement is not jurisdictional in nature. *See* 28 U.S.C. § 2637(d);

*Unicatch Indus. Co. v. United States*, 422 F. Supp. 3d 1355, 1360 (Ct.

Int'l Trade 2019) ("While exhaustion is not jurisdictional . . . the statute

'indicates a congressional intent that, absent a strong contrary reason,

the {CIT} should insist that parties exhaust their remedies before the

pertinent administrative agencies.'") (alteration in original) (citation

omitted) (quoting *Weishan Hongda Aquatic Food Co. v. United States*,

917 F.3d 1353, 1363-64 (Fed. Cir. 2019)). In contrast, the statute "sets

timing rules—which are generally jurisdiction-limiting—governing

when challenges may be brought." *Bioparques*, 31 F.4th at 1346; *see* 28

U.S.C. § 2636(c); 19 U.S.C. § 1516a(a)(2)(A)(ii), 1516a(a)(2)(B)(vi); U.S.

Ct. Int'l Trade R. 3(a). Thus, because Commerce's 2023 scope ruling was

a reviewable determination that Green Garden did not challenge within

the statutorily prescribed time limit, and with notice that the issue

would remain relevant to the circumvention inquiry, this Court lacks jurisdiction to consider Plaintiff's untimely argument directed at the scope ruling.

## Conclusion

For the reasons explained above, Defendant-Intervenors respectfully submit that Plaintiff has failed to establish that jurisdiction exists for this Court's consideration of Plaintiff's argument that its large and small garlic chunks are expressly excluded from the Order's scope. Accordingly, and for the reasons explained in Defendant's and Defendant-Intervenors' Response Briefs, Defendant-Intervenors respectfully urge this Court to sustain Commerce's Final Determination.

Respectfully submitted,

/s/ John M. Herrmann
JOHN M. HERRMANN
JOSHUA R. MOREY
MATTHEW T. MARTIN
KELLEY DRYE & WARREN LLP
670 Maine Avenue, SW, Suite 600
Washington, DC 20024
(202) 342-8400
jherrmann@kelleydrye.com
jmorey@kelleydrye.com
mmartin@kelleydrye.com

Counsel to Defendant-Intervenors

Dated: January 23, 2026

**Certificate of Compliance with
Court of International Trade
Standard Chambers Procedures**

Pursuant to this Court's Order dated September 18, 2025 (ECF No. 36), setting the word limitation to the supplemental briefs of the parties to 3,500 words each, counsel for Fresh Garlic Producers Association and its individual members, Christopher Ranch L.L.C., The Garlic Company, and Valley Garlic, Inc. (collectively, "Defendant-Intervenors") certify that the attached supplemental brief contains 3,274 words, including footnotes. The word count certification is made in reliance on the word-count feature contained in Microsoft Enterprise – 365.

Respectfully submitted,

/s/ John M. Herrmann
JOHN M. HERRMANN
JOSHUA R. MOREY
MATTHEW T. MARTIN
KELLEY DRYE & WARREN LLP
670 Maine Avenue, SW, Suite 600
Washington, DC 20024
(202) 342-8400
jherrmann@kelleydrye.com
jmorey@kelleydrye.com
mmartin@kelleydrye.com

Counsel to Defendant-Intervenors

Dated: January 23, 2026

## Certificate of Compliance Regarding
## Non-Use of Generative Artificial Intelligence

Pursuant to this Court's instructions for *Document Formatting and ECF Filing* (Sept. 19, 2025), counsel for Fresh Garlic Producers Association and its individual members, Christopher Ranch L.L.C., The Garlic Company, and Valley Garlic, Inc. (collectively, "Defendant-Intervenors"), certify that this Supplemental Brief was not prepared with the assistance of a generative artificial intelligence program based on natural language prompts -- such as, but not limited to, ChatGPT or Google Bard.

Respectfully submitted,

/s/ John M. Herrmann
JOHN M. HERRMANN
JOSHUA R. MOREY
MATTHEW T. MARTIN
KELLEY DRYE & WARREN LLP
670 Maine Avenue, SW, Suite 600
Washington, DC 20024
(202) 342-8400
jherrmann@kelleydrye.com
jmorey@kelleydrye.com
mmartin@kelleydrye.com

Counsel to Defendant-Intervenors

Dated: January 23, 2026