# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

|  |  |  |
|---|---|---|
| GREEN GARDEN PRODUCE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | Court No. 24-00114 |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| FRESH GARLIC PRODUCERS | ) | |
| ASSOCIATION, CHRISTOPHER | ) | |
| RANCH, L.L.C., THE GARLIC | ) | |
| COMPANY, and VALLEY GARLIC | ) | |
| | ) | |
| Defendant- | ) | |
| Intervenor. | ) | |

## DEFENDANT'S SUPPLEMENTAL BRIEF

<table>
<tr><td></td><td>BRETT A. SHUMATE<br>Assistant Attorney General</td></tr>
<tr><td>Of Counsel:</td><td>PATRICIA M. McCARTHY<br>Director</td></tr>
<tr><td>FEE PAUWELS<br>Attorney<br>Department of Commerce<br>Office of Chief Counsel for Trade<br>Enforcement & Compliance<br>1401 Constitution Avenue, NW<br>Washington, DC 20230</td><td>REGINALD T. BLADES, JR.<br>Assistant Director<br><br>ISABELLE AUBRUN<br>Trial Attorney<br>Commercial Litigation Branch<br>U.S. Department of Justice<br>Civil Division<br>P.O. Box 480<br>Ben Franklin Station<br>Washington, D.C., 20044<br>Tel: (202) 305-0001</td></tr>
<tr><td>January 23, 2026</td><td>*Attorneys for Defendant*</td></tr>
</table>

## TABLE OF CONTENTS

TABLE OF AUTHORITIES................................................................................ii

I.    Commerce Undertook a Circumvention Inquiry of
      Large and Small Garlic Chunks from China on a
      Country-Wide Basis After Separately Finding Green
      Garden's Particular Garlic Imports Outside the
      Scope of the Order in a Previous Scope Inquiry.....................2

II.   The Court Does Not Have Jurisdiction to Hear
      Green Garden's Argument that its Large and Small
      Garlic Chunks are Expressly Excluded from the
      Order's Scope..........................................................................7

      A.    This Court Has Limited Jurisdiction to Review
            Commerce's Administrative Determinations...............8

      B.    Green Garden Contests Neither Factual
            Findings nor Legal Conclusions Upon Which
            Commerce Based its Affirmative
            Circumvention Inquiry ............................................11

      CONCLUSION ....................................................................16

TABLE OF AUTHORITIES

## CASES

*Andritz Sundwig GMBH v. United States,*
  322 F.Supp.3d 1360 (Ct. Int'l Trade 2018) .............................................9

*Arcelormittal Stainless Belgium N.V. v. United States,*
  694 F.3d 82 (Fed. Cir. 2012) ..................................................13

*Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee,*
  456 U.S. 694 (1982)................................................................9

*DaimlerChrysler Corp. v. United States,*
  442 F.3d 1313 (Fed. Cir. 2006) ...........................................10

*Fujitsu Gen. Ltd. v. United States,*
  88 F.3d 1034 (Fed. Cir. 1996) ...............................................6

*Gladstone Realtors v. Village of Bellwood,*
  441 U.S. 91 (1979) .................................................................4

*Norsk Hydro Can., Inc. v. United States,*
  472 F.3d 1347 (Fed. Cir. 2006)..................................9, 11, 14

*OMG, Inc. v. United States,*
  972 F.3d 1358 (Fed. Cir. 2020) ...........................................13

*Rimco v. United States,*
  98 F.4th 1046 (Fed. Cir. 2024) .............................................11

*Wheatland Tube Co. v. United States,*
  161 F.3d 1365 (Fed. Cir. 1998) .............................................4

## STATUTES

19 U.S.C. §1516a(2)(A)(ii) ........................................................8

19 U.S.C. § 1516a(a)(2)(B)........................................................10

19 U.S.C. § 1677j(c) ........................................................................ 11

19 U.S.C. §§ 1516a(a)(2)(A) ................................................... 9, 10, 15

28 U.S.C. § 1581(a)-(i) ....................................................................... 9

28 U.S.C. § 1581(c) ............................................................................. 9

## REGULATIONS

19 C.F.R. § 351.226(j) ...................................................................... 10

Pursuant to the Court's September 18, 2025, order, defendant, the United States, respectfully submits this supplemental brief addressing the Court's question as to its jurisdiction over this matter. *See* Court Order on Supplemental Briefing, ECF 36. The Court asks the parties whether in Green Garden's appeal of Commerce's minor alterations circumvention determination, the Court has jurisdiction to consider Green Garden's argument that *its* garlic imports are excluded from the scope of the antidumping duty Order on Fresh Garlic from China. *Id.*; *see* Appx1135-37 (Order). That is, can the Court answer this question— which is at the heart of Green Garden's appeal to this Court–when "(1) the Department of Commerce declined to rule upon that argument in a scope proceeding and (2) {Green Garden} did not timely bring an action in this court challenging the 2023 scope ruling resulting from the proceeding in which the agency so declined." Court Order on Supplemental Briefing.

The answer is that the Court does not possess jurisdiction to entertain that claim. Commerce's scope ruling on Green Garden's small and large garlic chunks is a separate determination from the circumvention determination being challenged in this case. And as the

Court has observed, Green Garden did not file with the Court a challenge to Commerce's scope ruling. In this case, a purported challenge to Commerce's separate circumvention determination, Green Garden improperly seeks to challenge something other than the "factual findings or legal conclusions upon which the {contested} determination is based." 19 U.S.C. § 1516a(a)(2)(A)(ii). That is, Green Garden inappropriately asks the Court determine whether Green Garden's garlic product is expressly excluded from the scope of the Order. The Court does not possess jurisdiction to entertain that claim and should, therefore, dismiss Count I of Green Garden's complaint.[1]

I.   <u>Commerce Undertook a Circumvention Inquiry of Large and Small Garlic Chunks from China on a Country-Wide Basis After Separately Finding Green Garden's Particular Garlic Imports Outside the Scope of the Order in a Previous Scope Inquiry</u>

The sequence of events in this case is critical to understanding over what questions the Court now does, and does not, have

---

[1] *See e.g.*, Complaint, ECF No. 9, at ¶¶ 26-027 ("Commerce's Final Determination is not supported by substantial evidence because the record contains evidence of Green Garden's addition of an ingredient—citric acid—to preserve the large and small garlic chunks. Since Plaintiff's products are excluded from the scope of the Order due to the addition of citric acid as a preservative, they are products expressly excluded from the antidumping duty order.")

jurisdiction.

As we explain in our response brief, in September 2022, Green Garden first asked Commerce to determine whether the small and large garlic chunks imported by Green Garden are covered by the scope of the antidumping duty Order on fresh garlic from China. *See* Gov. Br. at 6-8; Appx1047. Relevant to this case, the Order covers:

> all grades of garlic, whole or separated into constituent cloves, whether or not peeled, fresh, chilled, frozen, provisionally preserved, or packed in water or other neutral substance, but not prepared or preserved by the addition of other ingredients or heat processing. … The subject merchandise is used principally as a food product and for seasoning.

> Appx1135.

"Commerce found that Green Garden's garlic chunks were reduced in size beyond simply peeling and therefore were outside the scope of the Order, which covers only cloves that are "whole or separated into constituent chunks." Appx1135; *see* Appx1313-1322 (Preliminary Scope Ruling); Appx1345-1351 (Final Scope Ruling). As part of its scope ruling, Commerce observed that the "addition of citric acid in the blanching process does not necessarily exclude Green Garden's large garlic chunks and small garlic chunks from

the Order." Appx1320. However, because Commerce found Green

Garden's garlic chunks to be outside the scope of the Order in the

first instance because the garlic was chopped, Commerce declined

to also evaluate whether Green Garden's garlic met an express

exclusion of the Order with regard to the addition of citric acid.

Appx1349.[2] Green Garden did not appeal Commerce's Final Scope

Ruling.[3]

    Instead, after finding that Green Garden's garlic is outside the

---

[2] "We do not need to resolve whether the addition of citric acid in the production process results in the product being excluded from the scope of the *Order*, because we have already determined it to be out-of-scope as described above." Appx1320.

[3] Although Commerce concluded that Green Garden's small and large garlic chunks were outside the scope of the Order and Green Garden decided not to appeal, the fact that Commerce had indicated its intention to initiate a circumvention inquiry following the scope ruling might have been enough to confer Article III standing for Green Garden to appeal. To demonstrate injury in fact, a plaintiff must "show that he personally has suffered some actual or *threatened* injury as a result of the putatively illegal conduct." *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 99 (1979) (emphasis added). The Federal Circuit held in *Wheatland* that a product specifically excluded from the scope of an order may not be brought back within the scope in the context of a circumvention inquiry applicable to covered merchandise. *Wheatland Tube Co. v. United States*, 161 F.3d 1365, 1371 (Fed. Cir. 1998). Therefore, precisely because Commerce *did not* find Green Garden's merchandise expressly excluded from the scope, Green Garden's small and large garlic chunks plainly risked being found to be circumventing the Order.

literal scope of the Order, Commerce subsequently undertook the deferred circumvention inquiry requested by petitioners (the defendant-intervenors in this case), as Commerce had indicated it would do if the subject merchandise was found out of scope.[4] Appx2244; Appx2246-2240. So, Commerce reviewed the submissions of the two mandatory respondents that it selected—the two importers of fresh garlic from China that together represent the highest volume exporters of inquiry garlic. Appx1757-1762 (Memorandum on Respondent Selection). And although both respondents mentioned in their submissions that they use citric acid in the preparation of their small and large garlic chunks, neither respondent made claims nor provided evidence about the actual purpose of that citric acid in the production process. Appx1782-1783, 1792, 1795; Appx2413, 2422, 2426.

---

[4] As we explain in our response brief, Commerce would only act upon petitioners' request for a circumvention inquiry if the result of the scope inquiry was "that the product at issue is not covered by the scope of the antidumping or countervailing duty order(s) at issue, {Commerce} may immediately initiate the circumvention inquiry{.}" Gov. Br. at 7 (quoting 19 C.F.R. § 351.226(d)(2)(i)). And, if the merchandise subject to the scope inquiry had been found to either be covered by the Order or expressly excluded by the terms of the Order, then Commerce would have no need to investigate whether that same product was circumventing the order. Gov. Br. at 7.

Green Garden participated in the administrative review as an interested party but also did not put anything on the record about the mandatory respondents' use of citric acid. Indeed, the only mention on the record about citric acid serving as a preserving agent came from submissions that Green Garden made arguing that *its* garlic, rather than that of the mandatory respondents, was preserved by citric acid. *See, e.g.,* Appx1051-1054, 1054 ("Given that Green Garden's garlic chunks are preserved by adding another ingredient…{a} circumvention inquiry is therefore improper."); *see also* Gov. Br. at 11-12.

Therefore, because Commerce was and is always constrained to make determinations based on only the record before it, Commerce explained that it had no basis to conclude that citric acid was used to preserve inquiry garlic. Appx1026-27; *see also Fujitsu Gen. Ltd. v. United States*, 88 F.3d 1034, 1038 (Fed. Cir. 1996) ("{T}he Court of International Trade must sustain any determination, finding or conclusion found by Commerce unless it is unsupported by substantial evidence on the record or otherwise not in accordance with the law." (internal quotations omitted)). As we explain in our response brief, Commerce eventually determined that small and large garlic chunks

from China were only minorly altered such that they are in fact covered by the Order. That affirmative circumvention determination is supported by substantial evidence on the record, or put another way, Commerce correctly determined that there is insufficient record evidence to support a finding that the mandatory respondents' garlic chunks were "preserved" by use of citric acid. Gov. Br. at 21-30, 37-44.

Only at this point did Green Garden choose to appeal to this Court, bringing a challenge to Commerce's circumvention determination but basing that challenge primarily on its argument that its particular product should be found as expressly excluded from the Order because Green Garden adds citric acid as a preservative. *See* Summons (ECF No. 1); Complaint.

II.    <u>The Court Does Not Have Jurisdiction to Hear Green Garden's Argument that its Large and Small Garlic Chunks are Expressly Excluded from the Order's Scope</u>

Green Garden raises an improper basis to challenge Commerce's circumvention determination: that Green Garden's garlic was (or, is) expressly excluded from the scope of the Order. *See generally* Pl. Br. at 19-33; Reply at 4-10 (acknowledging that Commerce's determination in the circumvention decision is not based on a finding that Green

Garden's garlic is expressly excluded from the Order's scope); *see also* Court Order on Supplemental Briefing. Green Garden argues that "Commerce's decision on citric acid is not supported by substantial evidence," claiming that "Commerce's *determination* that the Inquiry Merchandise is not preserved by citric acid cannot be supported by substantial evidence." Pl. Br. at 22 (emphasis added). But Commerce's circumvention determination does not rely on any prior findings concerning express exclusion for garlic prepared or preserved by the addition of ingredients. Appx1000-1012, Appx1024-1028; Gov. Br. at 26-29. Because Green Garden does not challenge the "factual findings or legal conclusions upon which {Commerce's} determination is based," 19 U.S.C. §1516a(2)(A)(ii), the Court does not have jurisdiction over any challenge Green Garden makes that "its garlic imports are expressly excluded from the scope of the relevant antidumping duty order." Court Order on Supplemental Briefing.

A.    <u>This Court Has Limited Jurisdiction to Review Commerce's Administrative Determinations</u>

The Court of International Trade, like all federal courts, is a court of limited jurisdiction. *See Norsk Hydro Can., Inc. v. United States*, 472 F.3d 1347, 1355 (Fed. Cir. 2006). The Court's jurisdiction is confined "to

those subjects encompassed within a statutory grant of jurisdiction." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). Specifically, the Court "is empowered to hear civil actions brought against the United States pursuant to the specific grants of jurisdiction enumerated under 28 U.S.C. § 1581(a)-(i)." *Andritz Sundwig GMBH v. United States*, 322 F.Supp.3d 1360, 1363 (Ct. Int'l Trade 2018).

Green Garden brings its challenge in this Court under 28 U.S.C. § 1581(c). *See generally* Complaint. Under 28 U.S.C. § 1581(c), the Court has exclusive jurisdiction over a challenge to a circumvention determination by Commerce. *See* 19 U.S.C. §§ 1516a(a)(2)(A), (B)(vi). And under 19 U.S.C. § 1516a(a)(2)(A), interested parties who are parties to the relevant proceeding may initiate suit at the Court to "contest{} any factual findings or legal conclusions upon which the determination is based," and a thirty-day deadline to do so is prescribed.[5] If, however, a plaintiff does not bring a challenge that "contest{s} factual findings or legal conclusions upon which the

---

[5] For its part, 19 U.S.C. § 1516a(a)(2)(B), lists the determinations that may be contested under 19 U.S.C. § 1516a(a)(2)(A).

determination is based," the Court is without jurisdiction to entertain that challenge. *Cf. DaimlerChrysler Corp. v. United States*, 442 F.3d 1313, 1318 (Fed. Cir. 2006) ("Federal courts … such as the Court of International Trade, are courts of limited jurisdiction, and are presumed to be without jurisdiction unless the contrary appears affirmatively from the record." (internal citations and quotations omitted)); 19 U.S.C. § 1516a(a)(2)(A). The Court's jurisdiction to hear Green Garden's argument, then, hinges on whether Green Garden challenges "factual findings or legal conclusions upon which {Commerce's circumvention} determination is based." 19 U.S.C. § 1516a(a)(2)(A).

In this circumvention case, based on an analysis of the factors outlined in 19 C.F.R. § 351.226(j), Commerce determined that large and small garlic chunks from China are circumventing the Order because the merchandise is altered in form or appearance in minor respects within the meaning of 19 U.S.C. § 1677j(c). Gov. Br. at 13-17. In making this determination, Commerce relied on information submitted by the two selected mandatory respondents, Fenjun Foodstuff Co., Ltd. (Fenjun) and Qingdao Deesheng Hengxin Food Co., Ltd. (Hengxin),

finding that the respondents were "representative of the experience of other producers and exporters of small and large garlic chunks." Gov. Br. at 9-11, 13.

When determining its jurisdiction over an action, the Court looks to the "true nature" of the action purportedly before it. *Norsk Hydro*, 472 F.3d at 1355 (internal citation omitted); *see also Rimco v. United States*, 98 F.4th 1046, 1053 (Fed. Cir. 2024). In this case, the true nature of Green Garden's challenge is not a challenge to Commerce's country-wide circumvention determination, but an argument as to whether an express exclusion contained in the Order's scope applies to Green Garden's product.

   B.   <u>Green Garden Contests Neither Factual Findings nor Legal Conclusions Upon Which Commerce Based its Affirmative Circumvention Inquiry</u>

The bounds of this Court's statutory jurisdiction are marked by the factual findings and legal conclusion upon which Commerce's circumvention determination is based. But Green Garden's arguments with respect to the asserted express exclusion fall short for two reasons. First, a contestable factual finding by its nature requires *some* factual finding on the record. But Commerce demonstrably made *no* factual

11

finding on this issue. *See* Gov. Br. at 22-24; *see generally* Appx1000-1040, Appx1313-1322, Appx1345-1351. Second, even if Commerce had made such a finding with respect to Green Garden's large and small garlic chunks in the scope proceeding (Commerce did not), that information did not serve as the basis for Commerce's circumvention determination, in which Commerce analyzed large and small garlic chunks on a *country-wide* basis by way of the two mandatory respondent importers. Gov. Br. at 24-29.

First, Green Garden mischaracterizes the record when it argues that the record supports a finding that inquiry garlic was expressly excluded from the Order simply because *Green Garden* asserts that *its garlic*, which was not under review because Green Garlic was not a mandatory respondent, is preserved by use of citric acid. Gov. Br. at 22; Pl. Br. at 22-32. As we explain in our response brief, Commerce never found that Green Garden's garlic is *excluded* from the Order's scope, either in its prior scope ruling on Green Garden's large and small chunks or in the circumvention determination at issue before the Court; instead Commerce found that Green Garden's product is not covered by the Order's scope because the garlic is "reduced in size beyond peeling."

Appx1345-1351.

Commerce found in the scope ruling, consistent with its regulatory framework, that the plain language of the Order excluded Green Garden's garlic chunks and therefore Commerce was not required to consider any sources beyond the plain language of the Order. *See OMG, Inc. v. United States*, 972 F.3d 1358, 1363 (Fed. Cir. 2020); *see also Arcelormittal Stainless Belgium N.V. v. United States*, 694 F.3d 82, 87 (Fed. Cir. 2012). Indeed, as a general matter, specific exclusions from the scope of an order exclude products that otherwise fall within the physical description of the merchandise covered by the order. Having found in the scope ruling that "a plain reading of the scope language" establishes that "garlic cloves reduced in size beyond peeling are not covered" by the scope of the Order, Appx1345-1351, Commerce was under no obligation to make an additional determination as to whether such "out of scope" cloves fall within a specific exclusion from the scope of the Order. Commerce's sole observation on the matter indicates, at most, that the question was one that would remain unanswered: "Thus, the addition of citric acid in the blanching process *does not necessarily exclude* Green Garden's {small and large garlic chunks} from the *Order*."

13

Appx1320, Appx1313-1322 (Preliminary Scope Ruling) (emphasis added).

Green Garden, however, misstates the record to assert that Commerce's "decision" with respect to the express exclusion informed Commerce's circumvention determination. *See* Pl Br. at 22-34. That is, the "true nature" of Green Garden's claim is thus a challenge to an asserted factual finding that Commerce never made. *Norsk Hydro*, 472 F.3d at 1355; *see* Gov. Br. at 22-24. Contrary to Green Garden's assertion that the circumvention determination is unsupported by substantial evidence on the basis that Commerce improperly found Green Garden's garlic "not preserved by citric acid," Commerce made no such determination in the final scope ruling nor in the circumvention determination. Appx1313-1322, 1345-1351, 1000-1015; Appx1016-1037. And no such ruling was required to be made in either proceeding. Accordingly, Green Garden's argument challenges neither factual findings nor legal conclusions upon which the circumvention determination is based and, therefore, lies beyond the realm of this Court's jurisdiction over that determination.

Second, even if Commerce had found Green Garden's merchandise

not expressly excluded from the scope, such a determination would have been necessarily irrelevant to Commerce's analysis in the circumvention determination, which is properly based on an examination of mandatory respondents Fenjun and Hengxin. Gov. Br. at 24-30. In this respect, Green Garden's argument falls short because it fails to challenge a *basis* for Commerce's circumvention determination. *See* 19 U.S.C. § 1516a(a)(2)(A) (contesting any factual findings or legal conclusions *upon which the determination is based*" (emphasis added)).

Commerce conducted the circumvention determination on a country-wide basis, relying on two producers or exporters as mandatory respondents, and Green Garden was not one of the mandatory respondents. Appx1000-1015, 1007; *see also* Gov. Br. at 24. Information provided by the *mandatory respondents*, not Green Garden, served as the basis for Commerce's determination. Gov. Br. at 24. And because the mandatory respondents provided no explanation for the function or purpose of citric acid in their respective production processes, Commerce found "insufficient record evidence to conclude that small and large garlic chunks are preserved by the addition of other

ingredients." Appx1027. Green Garden's claim that *its* merchandise is preserved by the addition of citric acid, whether meritorious or not, had no implications for Commerce's analysis with respect to the *country-wide* analysis. *See* Gov. Br. at 27-29. On this basis, too, Green Garden has contested no factual finding or legal conclusion implicated in the circumvention determination. The Court should therefore find that it lacks jurisdiction to hear Green Garden's claim with respect to whether Green Garden's large and small garlic chunks are expressly excluded from the scope of the Order.

## CONCLUSION

For these reasons, the Court should dismiss Count I of Green Garden's Complaint on the basis that the Court does not have subject matter jurisdiction to hear Green Garden's claim.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

REGINALD T. BLADES, JR.
Assistant Direction

FEE PAUWELS                          /s/ Isabelle Aubrun
Attorney                             Isabelle Aubrun
Department of Commerce               U.S. Department of Justice
Office of Chief Counsel for Trade    Commercial Litigation Branch
Enforcement & Compliance             Civil Division
1401 Constitution Avenue, NW         P.O. Box 480
Washington, DC 20005                 Ben Franklin Station
                                     Washington, DC 20044
                                     (202) 616-0465
                                     isabelle.aubrun2@usdoj.gov

January 23, 2026                     *Attorneys for Defendant, the*
                                     *United States*

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to section 2(B)(1) of the Standard Chambers Procedures of this Court, that this brief contains no more than 3,132 words, excluding the table of contents, table of authorities, any addendum containing statutes, rules or regulations, any certificates of counsel, and counsel's signature, as calculated by the word processing system used to prepare this brief (Microsoft Word).

<u>/s/ Isabelle Aubrun</u>

## CERTIFICATION OF NO GENERATIVE ARTIFICIAL INTELLIGENCE ASSISTANCE

I hereby certify, pursuant to requirement 6 of Judge Baker's Document Formatting Instructions, ECF 31, that this supplemental brief was not prepared with the assistance of generative artificial intelligence programs.

<u>/s/ Isabelle Aubrun</u>