# IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

| |
|---|
| **GREEN GARDEN PRODUCE, LLC,**<br><br>    *PLAINTIFF*<br><br>    v.<br><br>**UNITED STATES,**<br><br>    *DEFENDANT.* |

**Ct. No. 1:24-cv-00114-MMB**

### *SUPPLEMENTAL BRIEF CONCERNING THIS COURT'S JURISDICTION OVER PLAINTIFF'S EXPRESS-EXCLUSION ARGUMENT*

# Table of Contents

Page

I. Express-Exclusion Argument...................................................................1

    *A. Summary*......................................................................................... *1*

    *B. Procedural History*.......................................................................... *2*

II. Legal Standard.......................................................................................5

III. Argument..............................................................................................6

    *A. The Scope Ruling was not erroneous*................................................ *6*

    *B. Commerce Was Required To Decide The Express-Exclusion Issue During The Circumvention Inquiry*..................................................... *10*

    *C. Plaintiff lacked standing to challenge the Scope Ruling*................. *15*

    *D. This case is distinguishable from cases where plaintiffs have collaterally attacked administrative proceedings*................................ *15*

    *E. Plaintiff exhausted its administrative remedies and this action is timely*.............................................................................................. *19*

IV. CONCLUSION.....................................................................................**20**

## <u>Table of Authorities</u>

Page(s)

## Cases

*Deacero S.A. De C.V. v. United States, 817 F.3d 1332 (Fed. Cir. 2016)*.......................................................................3, 10, 11, 12

*Deseado International, Ltd. v. United States, 600 F.3d 1377 (Fed. Cir. 2010)*........................................................................5, 16, 17, 18

*Motor Vehicle Manufacturers Ass'n of the United States, Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) .............................13

*Rose Bearings Ltd. v. U.S., 751 F.Supp. 1545, 1547 (1990)*.........................................................................5, 15, 20

*Sandvik Steel Co. v. United States*, 164 F.3d 596, 601 (Fed. Cir. 1998)....................................................................... 5, 16, 17, 18

*Thomas v. GSA, 794 F.2d 661, 664 (Fed.Cir.1986)* ............................14

*Wheatland Tube Co. v. United States, 161 F.3d 1365 (Fed. Cir. 1998)*...................................................... 3, 10, 11, 12, 13, 14

## Statutes and Regulations

19 U.S.C. § 1516a(2)(B)(vi).......................................................... 5

19 U.S.C. § 1516a(a)(2)(A)(ii).....................................................19

19 U.S.C. § 1677j.................................................................. 11

19 CFR § 351.225(h)............................................................... 7, 8

19 CFR § 351.225(i)...............................................................5, 9

Plaintiff Green Garden Produce, LLC, hereby submits its supplemental brief to address this Court's jurisdiction over Plaintiff's express-exclusion argument.

This Court has jurisdiction over Plaintiff's argument because the argument does not challenge the merits of the Scope Ruling. There are four reasons for this conclusion: 1) Commerce was not required to decide the express-exclusion issue during the Scope Ruling; 2) Commerce was required to decide the issue during the circumvention inquiry; 3) Plaintiff lacked standing to challenge the Scope Ruling; 4) this case is distinguishable from cases of collateral attacks on prior administrative proceedings; and 5) Plaintiff exhausted administrative remedies before resorting to litigation.

## I. Express-Exclusion Argument

*A. Summary*

Plaintiff's express-exclusion argument centers around whether Commerce was required to consider whether a product is expressly excluded from the scope of the order as a threshold matter in its circumvention inquiry.

1

Plaintiff answers in the affirmative. Because a minor alterations analysis cannot apply to expressly excluded products, Commerce must first determine whether the merchandise is expressly excluded. Here, Commerce failed to first do so, despite Plaintiff raising the issue and submitting supporting evidence. *See*, *e.g.*, Appx1049-1054; Appx1073-1074; Appx1076-1079; Appx1082; Appx1084; Appx1138-1160; Appx1278-1282; Appx1289-1300. Therefore, Commerce's circumvention determination is contrary to law.

## B. Procedural History

Plaintiff received a Customs Form 29 on August 10, 2022, notifying it that U.S. Customs and Border Protection ("CBP") considered its product within the scope of antidumping duty order A570-831-00 (the "Order") and rejecting Plaintiff's arguments that the product was excluded due to preservation by citric acid or reduction in size. Appx1096-1099. Plaintiff then sought a scope ruling on September 23, 2022, asserting both exclusions. Appx1078-1082. Commerce initiated the scope inquiry on October 24, 2022. Appx1183-1184.

On February 22, 2023, Commerce issued its Preliminary Scope Ruling, finding the product excluded from the Order due to size

reduction without reaching the merits of whether the product was preserved by citric acid. Appx1313-1321.

Commerce issued its Final Scope Ruling on June 1, 2023, unchanged from the preliminary ruling (together, the "Scope Ruling"). Appx1345-1351. Commerce also announced that the Fresh Garlic Producers Association had filed a circumvention inquiry request and that Commerce would immediately initiate a circumvention inquiry. Appx1350-1351. Commerce initiated the circumvention inquiry on June 1, 2023 and published notice in the Federal Register on June 8, 2023. Appx2246-2248.

Plaintiff filed comments in the circumvention inquiry on July 10, 2023. Appx1045. Plaintiff noted that Commerce had not decided the citric-acid issue in the Scope Ruling and argued that under *Wheatland*[1] and *Deacero*,[2] Commerce could not conduct a minor alterations analysis without first resolving whether the product was expressly excluded. Appx1050-1054; Appx1064. Plaintiff explained that its citric acid argument implicated an express-exclusion.

---

[1] *Wheatland Tube Co. v. United States*, 161 F.3d 1365 (Fed. Cir. 1998).
[2] *Deacero S.A. De C.V. v. United States*, 817 F.3d 1332 (Fed. Cir. 2016).

Commerce did not address this argument in any request for information despite Plaintiff's comments on the issue. On November 6, 2023, Commerce issued its Preliminary Circumvention Determination again without addressing the issue, despite arguments and evidence of preservation by citric acid on the record. Appx1000-1015. On June 7, 2024, Commerce issued its Final Circumvention Determination, asserting that record evidence was insufficient, Appx1027, and characterizing Plaintiff's express-exclusion argument as unsupported by the record, Appx1027-1028, and untimely.[3] Appx1027. Commerce then found circumvention without resolving whether the product was expressly excluded. *Id.*

Before this Court, Plaintiff argues that Commerce's circumvention determination is unsupported by substantial evidence and contrary to law because Commerce failed to resolve a threshold question. *See* Dkt. 9, 14. Commerce responds that consideration of express-exclusion was unnecessary because the Scope Ruling already found the product to be outside the literal scope of the order. Dkt. 30. Plaintiff replies that such

---

[3] Commerce incorrectly stated that "[i]t is only after arguments to the contrary made prior to the Preliminary Determination were struck from the record that Green Garden claims that citric acid is used to preserve small and large garlic chunks…" Appx1027.

a finding cannot justify Commerce's refusal to consider express-exclusion in a circumvention inquiry. Dkt. 35.

## II.    Legal Standard

Under 19 U.S.C. § 1516a(2)(B)(vi), this Court has jurisdiction to review determinations whether merchandise falls within an antidumping or countervailing duty order. 19 U.S.C. § 1516a(2)(B)(vi). As the Federal Circuit has held, this includes Commerce's scope determinations, which may be made in a scope ruling or during a circumvention inquiry. *See Sandvik Steel Co. v. United States*, 164 F.3d 596, 601 (Fed. Cir. 1998); *and* 19 CFR § 351.225(i).

This Court has established that a prevailing party cannot appeal an administrative decision simply to challenge its findings or reasonings. *See Rose Bearings Ltd. v. U.S.*, 751 F.Supp. 1545, 1547 (1990) (citing *Freeport Minerals Co. v. U.S.,* 758 F.2d 629, 634, 3 Fed. Cir. (T) 114, 120 (C.A.Fed.,1985)).

Plaintiffs are prohibited from "collaterally attacking" a separate and distinct administrative proceeding by challenging its merits without satisfying the prerequisites for judicial review of that proceeding. *Deseado Int'l, Ltd. v. United States*, 33 C.I.T. 199, 200

(2009), *aff'd*, 600 F.3d 1377 (Fed. Cir. 2010). The Federal Circuit frequently rejects "...attempts in customs cases to litigate before the Court of International Trade issues that could have and should have been, but were not, litigated in earlier administrative proceedings before Commerce." *Id.* at 1380.

## III.    Argument

The present issue is whether Plaintiff's express-exclusion argument is an impermissible collateral attack on Commerce's Scope Ruling. Plaintiff's argument is not a collateral attack because it is based solely on the circumvention inquiry, not the merits of the Scope Ruling.

### A. The Scope Ruling was not erroneous

Plaintiff does not challenge the merits of Commerce's Scope Ruling. Although Plaintiff raised the citric acid argument, Commerce did not address it, and that omission was not a determination or legal error. Commerce's failure to rule on the issue in the scope inquiry was not a determination, did not violate legal principles, and did not preclude Commerce from deciding the issue during the circumvention inquiry. Commerce acknowledged it could resolve the issue in the

circumvention inquiry but declined for lack of record evidence. Appx1027. Accordingly, the Scope Ruling caused no reviewable injury.

Commerce's Scope Ruling was not erroneous because there was no determination on the citric acid issue. 19 CFR § 351.225(h) reads, in relevant part "[f]inal scope ruling. The Secretary will issue a final scope ruling as to whether the product that is the subject of the scope inquiry is covered by the scope of the order, including an explanation of the factual and legal conclusions on which the final scope ruling is based." The regulation does not state that Commerce must address every argument raised in the scope application. Similarly, it does not state that silence in a ruling as to an issue raised in a scope application is a negative determination on that issue. The only determination made during a scope ruling is whether the product is covered by the scope and under what factual and legal bases.

In the Scope Ruling, Commerce found that Plaintiff's product was out-of-scope. Appx1313-1321; Appx1345-1351. Commerce based its conclusion on the fact that Plaintiff's product was sufficiently reduced in size. *Id*. This was the only determination made regarding whether

Plaintiff's product was in-scope, and the only factual and legal conclusions underlying the Scope Ruling. *Id.*

Commerce did not address the merits of Plaintiff's preservation argument. Commerce states that it "did not need to answer whether Green Garden's merchandise was expressly excluded from the Order through one of the specified exclusions as garlic 'prepared or preserved by the addition of other ingredients or heat processing'" and "did not resolve the question of whether Green Garden's garlic was excluded from the scope because Commerce had already determined the garlic to be out-of-scope." Dkt. 30, at 22-23. Consequently, the final determination in the Scope Ruling was not based on any factual or legal conclusion about citric acid; Commerce stated that it made no such conclusion in the first place. The Scope Ruling was silent on the issue and did not contain a determination as to the preservative properties of citric acid. Appx1313-1321; Appx1345-1351.

Furthermore, Commerce's Scope Ruling was not erroneous because its refusal did not violate any applicable legal standard. 19 CFR § 351.225(h) does not require that Commerce affirmatively rule on every factual and legal argument presented. The Scope Ruling is

8

consistent with the requirements of the regulation because Commerce determined that Plaintiff's product was out-of-scope and identified its reasoning. No other findings were required. Therefore, by remaining silent on the issue of express-exclusion in the Scope Ruling, Commerce did not err.

Finally, Commerce did not err in failing to rule on this particular issue because Commerce was permitted to make a finding at a later time. Commerce "may, but is not required to, address scope issues in another segment of the proceeding, such as [ ] a circumvention inquiry [ ] without conducting or completing a scope inquiry under this section." 19 CFR § 351.225(i). Therefore, Commerce is authorized to consider in a circumvention inquiry whether a product considered out-of-scope for one reason is also expressly excluded for another reason.

In this case, even after Commerce was silent on the issue of preservation by citric acid in its Scope Ruling, Commerce was still permitted to make such a determination during the circumvention inquiry. Therefore, there was no error in the Scope Ruling for which Plaintiff could have or should have requested judicial review.

### B. Commerce Was Required To Decide The Express-Exclusion Issue During The Circumvention Inquiry

Plaintiff's express-exclusion argument is not a collateral attack because it does not depend on, nor arise from, the Scope Ruling. Regardless of the Scope Ruling, Commerce violated the legal standard of *Wheatland* and *Deacero* during the circumvention inquiry by conducting an unlawful minor alterations analysis. Because minor alterations were at issue during the circumvention inquiry, not during the scope ruling, the Scope Ruling does not affect this Court's jurisdiction.

When Commerce failed to rule on the express-exclusion issue during the preliminary scope ruling, Commerce had not yet initiated a circumvention inquiry.  Appx1320. Later, Plaintiff stated in its circumvention inquiry comments "Commerce now needs to resolve this issue. Minor alterations inquiries are inappropriate when the antidumping duty order expressly excludes the allegedly altered product. *See Wheatland,* 161 F.3d at 1369-70, *see also, Deacero*, 817 F.3d. at 1338." Appx1051. While an express-exclusion determination was not necessary during the Scope Ruling, *Wheatland* and *Deacero*

10

require Commerce to address the issue before initiating a minor alterations analysis.

In *Wheatland*, the plaintiff requested a minor alterations analysis under 19 U.S.C. § 1677j. Commerce instead conducted a scope inquiry as "the appropriate avenue for addressing the issues raised by petitioners." *Wheatland*, 161 F.3d, at 1370. The Federal Circuit upheld Commerce's decision, saying: "[a]lthough Commerce did not explain directly why a minor alterations inquiry was inappropriate, its decisional path—namely, that minor alteration inquiries are inappropriate where the antidumping order expressly excludes the allegedly altered product—is readily apparent." *Id*.

The *Wheatland* court held that "Section 1677j(c) does not [ ] apply to products unequivocally excluded from the order in the first place." *Id.*, at 1371. Therefore, Commerce cannot conduct minor alterations analyses when a product is expressly excluded.

In *Deacero*, U.S. producers requested a scope ruling or, alternatively, a circumvention inquiry. Commerce elected to conduct a circumvention inquiry. The plaintiff contested the final minor

11

alterations determination on the grounds that the product was outside the literal scope of the order.

The Federal Circuit in *Deacero* ruled against the plaintiff because its product was outside the literal scope, not expressly excluded. *Deacero*, 817 F.3d at 1338. In doing so, the court reiterated the principle that minor alterations inquiries are inappropriate when the order expressly excludes the allegedly altered product. *Id*.

Therefore, both *Wheatland* and *Deacero* apply only to cases where a minor alterations analysis is at issue; they do not apply to cases of ordinary scope rulings where Commerce is merely deciding whether a product is included or excluded from the scope. In *Deacero,* specifically, there was no scope ruling to speak of.

In this case, the Scope Ruling was initiated following a scope application by Plaintiff, and minor alterations were not an issue during that proceeding. Rather than deciding whether Plaintiff's product was preserved by citric acid, Commerce characterized the issue as unnecessary in the preliminary determination and never revisited it.

Following the Scope Ruling, Commerce initiated a circumvention inquiry, where minor alterations were the central issue. Plaintiff raised

the express-exclusion issue and explained that a determination was necessary: *Wheatland* directly affects Commerce's authority to conduct a circumvention inquiry. Appx1050-1057; Appx1064. Nonetheless, Commerce conducted the minor alterations analysis without determining whether Plaintiff's product was expressly excluded.

Commerce was required to address the express-exclusion question before issuing a final circumvention determination: a determination is erroneous when Commerce fails to consider an important aspect of the problem. *See Motor Vehicle Manufacturers Ass'n of the United States, Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). The express-exclusion issue was an important aspect of the circumvention inquiry because, if expressly excluded, Commerce would be without authority to find minor alterations; the question is dispositive. Therefore, Commerce's failure to determine whether it had authority to conduct a minor alterations analysis rendered its circumvention determination erroneous.

Conversely, this determination was not necessary during the Scope Ruling because express versus literal exclusions were not at issue – Commerce did not conduct a minor alterations analysis in that

13

proceeding. Because there was no minor alterations analysis, the question was not necessary, and the rule established by *Wheatland* was not violated in the Scope Ruling.

Additionally, Commerce's finding in the circumvention inquiry was not reliant on the Scope Ruling. The record in the circumvention inquiry shows that Commerce cited an alleged lack of evidence as its reason for declining to consider an express-exclusion, and the Scope Ruling had no preclusive effect over the circumvention inquiry, as preclusion requires an adjudication on the merits, which Commerce admits is absent here. *See Thomas v. GSA*, 794 F.2d 661, 664 (Fed.Cir.1986).

Consequently, it was Commerce's failure to decide whether Plaintiff's product was expressly excluded during the circumvention inquiry, not during the scope inquiry proceeding, which gives this Court jurisdiction over the instant action. Commerce was not required to make a determination on the issue during the scope inquiry; however, it was required to do so before conducting a minor alterations analysis. Minor alterations were not at issue in the Scope Ruling, but they were during the circumvention inquiry, and whether a product is expressly

excluded from the scope should have been analyzed prior to conducting a minor alterations analysis.

### C. Plaintiff lacked standing to challenge the Scope Ruling

In *Rose Bearings*, the Court held that a party may not appeal where it "prevailed at the administrative level yet seeks to challenge the findings with which it disagrees." *Rose Bearings*, F.Supp. at 1547. The court emphasized that "a prevailing party may not appeal an administrative determination merely 'because (it) disagrees with some of the findings or reasoning'" *Id.* Likewise, Green Garden could not challenge the scope ruling where Commerce found its products out of scope, notwithstanding Commerce's refusal to reach the express-exclusion argument. No adverse determination existed to permit judicial review.

### D. This case is distinguishable from cases where plaintiffs have collaterally attacked administrative proceedings

Plaintiff does not seek to collaterally attack earlier administrative proceedings. In this case, the issue was raised both in the Scope Ruling and the proceeding immediately following, demonstrating that this Court has jurisdiction over this particular issue.

In *Deseado*, Commerce conducted a circumvention inquiry and determined that the merchandise was in-scope; the plaintiff did not participate. 600 F.3d at 1378-1379. Later, the plaintiff requested an administrative review requesting reconsideration of the circumvention determination. *Id.*, at 1379. Commerce declined, and the Federal Circuit approved this Court's finding that "Deseado's failure to participate and litigate in the anticircumvention proceeding its contention that the antidumping order does not cover its 'mixed wax candles' precluded it from litigating that issue in Commerce's eighth annual review or before the Court of International Trade." *Id* at 1379, 1381.

The *Deseado* court was persuaded by *Sandvik*, 164 F.3d 596. There, the plaintiff sought judicial review of a Customs protest regarding the scope of an antidumping order but had not sought a scope ruling. *Id.*, at 598. The *Sandvik* court concluded "[t]he statutory provisions governing the jurisdiction of the Court of International Trade support and confirm our conclusion that failure timely to seek a scope determination bars an importer from attempting to challenge [ ] Customs' application of an antidumping order to particular imports." *Id.* at 599.

16

Therefore, *Sandvik* and *Deseado* deal with cases where a plaintiff sought to litigate the scope of an order at the CIT without participating in a scope determination from Commerce. In *Sandvik*, the plaintiff failed to institute a scope inquiry; in *Deseado*, the plaintiff failed to participate in a prior circumvention inquiry which had already decided the issue.

This case is distinguishable from *Deseado*. Unlike the final circumvention determination in *Deseado*, which already decided the issue sought to be litigated, the Scope Ruling did not determine whether Plaintiff's product was expressly excluded. Consequently, unlike the plaintiff in *Deseado*, Plaintiff did not ask Commerce in the circumvention proceeding to reconsider its determination from the Scope Ruling; there was no determination on express-exclusion to reconsider. Rather, Plaintiff asked Commerce to determine an unresolved dispositive issue as to whether Commerce could proceed to its minor alterations analysis.

Additionally, where "Deseado's failure to participate and litigate in the anticircumvention proceeding…precluded it from litigating that issue in Commerce's eighth annual review or before the Court,"

17

*Deseado*, 600 F.3d, at 1381, here Plaintiff actively participated in the proceedings.

Turning to *Sandvik*, the plaintiff there failed to seek a scope ruling before bringing a scope issue before this Court. In this case, Plaintiff sought a scope ruling based on, *inter alia*, the issue of express-exclusion; Commerce declined to reach the merits on that particular issue because it could rule the merchandise was out-of-scope without addressing that argument. Plaintiff raised the issue again in the circumvention inquiry which was initiated after the Scope Ruling. Commerce still did not decide the issue on its merits, giving rise to the current lawsuit.

Therefore, where the Plaintiff in *Sandvik* did not give Commerce the opportunity to address the scope of the order before bringing suit, here Plaintiff gave Commerce two opportunities. For these reasons, this case is fundamentally different from those where this Court lacked jurisdiction. Because Plaintiff participated in the Scope Ruling, does not challenge its results, and exhausted its administrative remedies, this case can be distinguished from *Deseado* and *Sandvik*. This Court therefore has jurisdiction over the express-exclusion issue.

*E. Plaintiff exhausted its administrative remedies and this action is timely*

Finally, Plaintiff has exhausted its administrative remedies and timely submitted the instant action. Because of the Scope Ruling, Commerce was on notice that the circumvention inquiry respondent's merchandise was preserved by citric acid. Appx1049-1054, Appx1064, Appx1069, Appx1070-1074, Appx1078-1079, Appx1083-1084, Appx1094-1095; Appx1125-1133, Appx1139-1140, Appx1146, Appx1153-1160, Appx1278-1282, Appx1288, Appx1290-1299, Appx1315, Appx1315-1320, Appx1346-1347, Appx1352-1354, Appx1665, Appx1782-83, Appx1792, Appx1796. Plaintiff participated in the circumvention inquiry and raised the express-exclusion argument before Commerce's minor alterations analysis. Id. Nonetheless, Commerce ignored record evidence, asked the respondents no questions about citric acid, and ruled the express-exclusion argument unsupported, Appx1027-1028, and untimely. Appx1027. Plaintiff has no administrative remedy and turns to this Court pursuant to 19 U.S.C. § 1516a(a)(2)(A)(ii). Plaintiff's express-exclusion challenge is timely under the same statute. Any deadline for contesting the scope ruling is irrelevant to this matter. First, because Plaintiff's challenge is related

to an entirely separate administrative proceeding and Commerce's failure to consider an initial threshold question before proceeding to a minor alterations analysis. Second, even if Plaintiff wanted to challenge the Scope Ruling, it lacked standing to challenge the scope ruling on the basis of its silence as to the express-exclusion argument as it had not suffered injury at the time. *See Rose Bearings*, 751 F.Supp. at 1547 ("[A] prevailing party may not appeal an administrative determination merely 'because [it] disagrees with some of the findings or reasoning.'").

## IV. CONCLUSION

In summary, this Court has jurisdiction because Plaintiff does not challenge the Scope Ruling in this action—Plaintiff challenges Commerce's determination of circumvention because it erred in finding circumvention when the record evidence indicated express-exclusion due to preservation by additional ingredients. Commerce did not reach the merits of the express-exclusion argument in the scope ruling, leaving no "determination" appealable under § 1516a. The express-exclusion issue ripened only during the circumvention inquiry, where Plaintiff raised it again and fully exhausted administrative

remedies. Commerce's assertion that the argument was unsupported, new, or untimely is contradicted by the record.

This Court has jurisdiction over the argument of express-exclusion raised in the Circumvention Inquiry. Accepting a contrary position would create a jurisdictional trap: Commerce could avoid judicial review of a circumvention determination simply by declining to find an express-exclusion in a scope ruling and then treating that failure as preclusive in a later determination. Accordingly, the Court should consider the entirety of Plaintiff's challenge, including the express-exclusion argument.


Dated: February 9, 2026

Respectfully submitted,

**LIANG + MOONEY, PLLC**
/s/ Shanshan Liang
Shanshan Liang, Esq.
Fla. Bar No. 112991
Email: sliang@customscourt.com
/s/ Johnathan Foege
Johnathan Foege, Esq.
Fla. Bar No. 1047550
2104 Delta Way, Suite #1
Tallahassee, FL 32303
Telephone: (850) 893-0670
Email: jfoege@customscourt.com

*Counsel for Plaintiff Green Garden Produce, LLC*

**CERTIFICATE OF COMPLIANCE WITH WORD LIMITATION**

I hereby certify that the document contains 3495 words, excluding the parts of the document that are exempted from the word count, and therefore is in compliance with the word limitations set forth in this Court's Chambers Procedures.

Executed: February 9, 2026

<u>/s/ Shanshan Liang</u>
Shanshan Liang, Esq.

## CERTIFICATE OF SERVICE

A true and accurate copy of the foregoing was electronically filed on February 9, 2026, via the Court's ECF filing system, which automatically serves notice on counsel of record.

<u>/s/ Shanshan Liang</u>
Shanshan Liang, Esq.